```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :
ROSEMARY CAMPBELL,                            :
                                              :
                              Plaintiff,      :     19 Civ. 181 (PAE) (JLC)
              -v-                             :
                                              :     OPINION AND ORDER
ANDREW M. SAUL,                               :
    Commissioner of Social Security,          :
                              Defendant.      :
                                              :
------------------------------------------------------------X
```

PAUL A. ENGELMAYER, District Judge:

Plaintiff Rosemary Campbell brings this action under the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"), denying Campbell's application for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. Before the Court is the January 30, 2020 Report and Recommendation of the Hon. James L. Cott, United States Magistrate Judge, recommending that the Court grant plaintiff's motion, deny the Commissioner's cross-motion, and remand for further proceedings. Dkt. 22 (the "Report"). For the following reasons, the Court adopts the Report in full.

## DISCUSSION

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citation omitted); *see also* 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess*, 537 F.3d at 127 (citation omitted).

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Because neither Campbell nor the Commissioner has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Cott's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. The Report explicitly states that failure to object within fourteen days will result in a waiver of objections and will preclude appellate review. Report at 66. Accordingly, the failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the reasons articulated in the Report, the Court grants plaintiff's motion and denies the Commissioner's cross-motion. This case is remanded pursuant to sentence four of 42 U.S.C. § 405(g), with instructions that the ALJ should:

> (1) Obtain further clarification from Dr. Megarr concerning the basis of his opinion, including whether any of his treating notes are missing from the record, and evaluate his opinion as that of a treating physician;
>
> (2) Fully develop the evidentiary record by soliciting a completed medical questionnaire or similar testimony from Dr. Tun and Dr. Cash, as well as Denis Tomlinson, or request a

consultative examiner in order to address the severity of, and functional limitations related to, Campbell's mental and manual dexterity impairments;

(3) Consider all medically determinable impairments, regardless of whether they are deemed severe or nonsevere, in determining Campbell's RFC; and

(4) Reevaluate Campbell's credibility in light of all of the relevant medical and other evidence.

The Clerk of Court is directed to terminate the motions pending at dockets 16 and 19, and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: February 21, 2020
       New York, New York